United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL GELLER AND MICHAEL YARBROUGH AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 302 HEALTH AND WELFARE AND PENSION TRUST FUNDS,<br><br>    Plaintiffs,<br><br>v.<br><br>E.T. ELECTRIC INC.,<br><br>    Defendant. | Case No.: C 05-0307 PVT<br><br>**FURTHER INTERIM ORDER RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

On January 10, 2006, Plaintiffs appeared before Magistrate Judge Patricia V. Trumbull for hearing on their motion for default judgment against Defendant E.T. Electric, Inc. ("E.T. Electric").[1] Based on the discussion at the hearing,

IT IS HEREBY ORDERED that the motion is taken under submission. No later than January 13, 2006, Plaintiffs shall file a further supplemental declaration clarifying their calculation of interest on the delinquent contribution payments. There appear to be several errors in calculation. For example, payment for the October 2004 contribution was eventually made in several

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

installments. At the hearing, counsel indicated that the intent was to charge interest at the rate of 8% per annum for each unpaid portion of the payment for as long as it remained unpaid. However, that does not appear to be how the interest was actually calculated. At 8% per annum, the interest on $20,079.73 from November 15, 2004 to February 15, 2005 (92 days) is $404.80,[2] not $519.17 as stated in Ms. Campbell's supplemental declaration. And it appears no interest at all was calculated for first installment payment of $5,898.98 (which was not paid until 92 days after it was due), nor for the final balance of $1,067.43 which remained owing after May 15, 2005.[3]

After the court receives Plaintiffs' further supplemental declaration, this court will issue a report and recommendation, and the case will be reassigned to a District Judge.[4]

Dated: *1/10/06*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] The court calculated this amount as follows: $20,079.73 x 8% = $1,606.38 per year; $1,606.38 ÷ 365 days = $4.40 per day; and $4.40 x 92 days = $404.80. If Plaintiff believes another method of calculation is required, that method should be explained and the basis for using that method cited.

[3] Plaintiffs are certainly entitled to seek less interest than is due, but it would be helpful if they specify the amounts on which they do not seek interest.

[4] At the hearing, Plaintiffs counsel expressed her understanding that normally when she has a case with a motion for default judgment and requests reassignment the case is reassigned to a District Judge. In this case, there is no record of any request for reassignment ever being filed by Plaintiffs. Had they done so, the case would have immediately been reassigned. Absent a request for reassignment, this court proceeded to handle this motion for default judgment on a report and recommendation basis. (It does appear that Plaintiffs initially attempted to notice their motion in before Judge Whyte. That erroneous notice of the motion did not constitute a request for reassignment. When a party requests reassignment, the new judge is randomly assigned, not selected by the litigant.)

ORDER, *page 2*